By the Court.—McAdam, J.
Liability for breach of covenant is less extensive than that for a tort, and involves only such consequences as are the direct and proximate result of the act complained of. There are certain arbitrary rules in regard to such breaches, the principal of which is to give compensation for what is actually lost, to make the damages correspond with the real injury sustained, but not to permit a recovery where the loss cannot be directly traced to the act done or omitted. It will be sufficient if the injury is a natural or necessary consequence of the act, but remote or merely possible consequences are excluded from consideration. There are many cases of loss for which the law affords no adequate remedy, hence has arisen the system of pre *9 ventive justice administered in the courts of equity, by means of injunction to restrain breaches of covenant. Covenants not to sub-let or assign have not generally raised any question of damage, but one of forfeiture (3 Sutherland on Dam., 143), owing to the difficulty in establishing any legal measure of compensation for the breach. The question involved here is much like that suggested. There is no reasonable certainty that the plaintiff would have let the house if the covenant said to have been violated had been literally performed. Sometimes the condition of the inside of a house is more uninviting than the outside, and an inside examination (if one had been afforded) might have repulsed the applicant for the house at once. There was therefore no solid substantial basis on which the jury could find as matter of fact that the refusal to perform the covenant was the sole cause of keeping the plaintiff’s house idle for five months, and that the plaintiff as a consequence lost so many months’ rent. The result arrived at was necessarily speculative and conjectural. If the action had been founded on tort, instead of upon contract, a more liberal field for the exercise of discretion would haAre been afforded to the jury, but they were limited in this case to the awarding of compensation for the actual, not the possible loss, and there is no way of determining from any of the evidence adduced that the sum awarded was necessary to compensate the real injury done or that the acts of the undertenant were the proximate cause of so much damage. It is owing to the impossibility to arrive at a legal measure of damages with any sufficient degree of certainty that courts of equity .entertain jurisdiction in such cases {Pom. Eq., § 1403), and by writ of injunction in the nature of specific performance enforce the terms of the covenant. This could have been done here by enjoining the defendant and his tenant from preventing the plaintiff putting up the bill of “To Let ” or from interfering with it after it was put up, or *10 from exercising its right of showing the premises during some reasonable hour of the day to be determined by the court, and best calculated to serve the object of the covenant and the convenience of all concerned. The court gives specific performance instead of damages when it can by that means do more perfect and complete justice, and the covenant sought to be compensated by damages, could have been more effectually enforced at the time with perfect and complete justice in equity, than it can now by the uncertain character of proof available in an action at law for compensatory damages.
A man who enters into an agreement is bound in equity to a true and Hteral performance of it. He cannot be suffered to depart from it at pleasure, leaving the other party to his remedy for damages by law. Kerr on Inj., 534. It is no answer to say that the act complained of will inflict no injury on the plaintiff, or will be even beneficial to him. It is for the plaintiff to judge whether the agreement shall be preserved as far as he is concerned, or whether he will permit it to be violated. lb., p. 533. There is no wrong without a remedy, which means its appropriate remedy, and where that is to be found in equity it should be sought for there, or the plaintiff may be referred to Injuria absque damno or some other maxim which may defeat his recovery at law. There was nothing in the proofs presented to warrant the damages allowed to the plaintiff, and for this reason, the judgment and order appealed from must be reversed and a new trial awarded, with costs to the appellant to abide the event.
Sedgwick, Ch. J., and Freedman, J. concurred.